### H. B. MINKS v. JOHN MILLER.
#### No. 14,971   (90 Pac. 1132.)

ESTOPPEL—*Conduct.* Where two tenants leased the same land from different landlords, and one took possession and raised a crop, the other tenant, who had full knowledge of the facts, was estopped to claim the crop, irrespective of which landlord had the superior title.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed April 6, 1907. Affirmed.

*T. W. Moseley,* for plaintiff in error.
*Prigg & Williams,* for defendant in error.

*Per Curiam:* The court has carefully canvassed the record in this case and is of the opinion that the judgment of the district court ought not to be disturbed.

It is not necessary to pass upon the title to the land involved. The rights of the two tenants, as against each other, do not depend upon the legal rights of Haish and Hobson. It makes no difference whether Bousman was an agent of Haish, whether a binding

contract to sell was effected, whether Hobson was rightfully in possession, or whether Haish could recover of Miller.

It may be conceded that Miller took possession without a title legally sufficient to support it. Admitting that Minks had the right to occupy the land, he discovered that Miller actually had taken possession under a claim of right and was at work preparing the land for sowing wheat. Minks questioned him concerning the basis of his claim to possession and Miller truthfully replied he had rented the land from Hobson. This was the extent of Miller's representation to Minks. It then devolved upon Minks to determine what he would do. He could contest with Miller or yield to him. Hobson might or might not have the right to lease to Miller, and whatever Hobson's or Miller's technical rights might be Minks might conclude that it was not wise to bring on a lawsuit. Minks was free to ascertain the facts in any way he chose. He could take the assertion of Hobson if he saw fit to do so, or make a full investigation of the status of affairs if he so desired; but it was his duty to assert his right of possession against Miller if he intended to do so. He chose to acquiesce, and allowed Miller to expend time, labor and money, and to raise a crop, upon the faith of his acquiescence.

It is not necessary to go further into the case. Between the parties to this suit the principle of equitable estoppel clearly applies. It would now be unconscionable to allow Minks to reap where he did not sow.

All the claims of error have been examined, and none of them is sufficient to affect this conclusion. It is not necessary to discuss them in detail, and the judgment of the district court is affirmed.